# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CLETIS AND SANDRA LOWE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-446-JHP |
| | ) | |
| EQUITY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## Opinion and Order

Before the Court are Plaintiffs' Motion to Remand and Motion for Attorney's Fees, Defendant's Responses, and Plaintiffs' Replies thereto. For the reasons stated below, Plaintiffs' Motion to Remand is GRANTED and Plaintiff's Motion for Attorney's fees is DENIED. The Court ORDERS that the matter be remanded to the District Court for Pittsburg County.

## Background

This case arises from a dispute relating to an automobile insurance policy issued by Defendant Equity Insurance Company to Plaintiffs Cletis and Sandra Lowe for Plaintiffs' 1997 Pontiac Grand Prix. In August, Plaintffs' Grand Prix was destroyed in a fire. Plaintiffs subsequently made a claim for benefits under their insurance policy with Defendant. Defendant denied the claim, alleging that on August 16, 2002, prior to the destruction of the vehicle, Plaintiffs deleted their coverage in writing. In contrast, Plaintiffs contend that on August 16, 2002, they went to their insurance agency with the intent to decrease their coverage, but an employee convinced them to delay the change until the next policy period. Plaintiffs assert that they agreed with the employee and paid an additional month's premium for full coverage on the Grand Prix.

On June 20, 2006, Plaintiffs filed a petition in the District Court for Pittsburg County, asserting claims for breach of contract and bad faith. Plaintiffs requested damages for its two claims in excess of $10,000, as well as interest, costs, attorney's fees and punitive damages.[1] In an effort to identify the precise amount in controversy, presumably for purposes of obtaining evidence sufficient to support removal to this Court, on July 12, 2006 Defendant submitted certain requests for admission asking Plaintiffs to admit that they are or are not "claiming damages in excess of $75,000.00 exclusive of interest, costs and attorney fees." (Def.'s Am. Notice 49.) On August 14, 2006, Plaintiffs mailed their objections to Defendant's requests, arguing that Oklahoma law prohibits specific demands for relief in excess of $10,000 and that admitting the claim exceeds $10,000 "would be violative of...statutory intent." (Def.'s Am. Notice 26.)

Defendant thereafter filed a Motion to Compel on August 23, 2006, requesting that the state court judge order Plaintiffs to respond to its requests for admission. (Def.'s Am. Notice 18.) In response, Plaintiffs argued that they lacked the information necessary to determine the amount of their damage claim and that attorney-client privilege prohibited disclosure of the opinion of Plaintiffs' counsel regarding the value of Plaintiffs' claim. (Def.'s Am. Notice 9.) After holding a hearing, on October 5, 2006, the state court judge denied Defendant's Motion to Compel. (Def.'s Am. Notice 3.) One week later, on October 11, 2006, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441(a).

## Discussion

---

[1] Oklahoma pleading rules generally require that "[e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall...set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract." Okla. Stat. tit. 12, § 2008(2).

On October 31, 2006, Plaintiffs entered their first appearance before this Court and filed a Motion to Remand. Plaintiffs contend that Defendant's Notice of Removal was untimely and fails to properly set forth in the Notice itself sufficient underlying facts justifying its assertion that the amount in controversy exceeds $75,000. Plaintiffs have also filed a Motion for Attorney's Fees arising from the removal of this case to federal court. The Court addresses these issues separately below.

### 1. Amount in Controversy

"Except as otherwise expressly provided...any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...to the district court of the United States...embracing the place where such action is pending." 28 U.S.C. § 1441(a). Although Defendant's Notice of Removal fails to cite the statutory basis for original jurisdiction in this Court, its references to the jurisdictional amount of $75,000 and the citizenship of the parties indicates Defendant's belief that the Court would have original jurisdiction over this action pursuant to 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). The uncontested record establishes that Plaintiffs are citizens of Oklahoma and Defendant is a citizen of Texas. Thus, the Court is left to determine whether the amount in controversy exceeds $75,000.

In *Laughlin v. Kmart Corp.*, the Tenth Circuit set forth the framework by which courts should measure whether the amount in controversy requirement has been satisfied:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds

[$75,000].'"  Moreover, there is a presumption against removal jurisdiction. *Laughlin*, 50 F.3d at 873 (citations omitted) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). As *Laughlin* makes clear, the amount in controversy "must be affirmatively established *on the face* of either the petition or the removal notice." *Id*. (emphasis added). Moreover, "at a minimum...the jurisdictional amount [must] be shown by a preponderance of the evidence." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), cert. granted, 544 U.S. 998 (2005) and aff'd, 546 U.S. 132 (2005). As the Tenth Circuit observed in *Martin*:

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when a plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.

*Id*. at 1289-1290.

As noted above, Plaintiff's state court petition merely requests damages in excess of $10,000 and therefore clearly fails to establish on its face that the amount in controversy in this case exceeds $75,000. Thus, Defendant had the burden of setting forth in its notice of removal sufficient *underlying facts* to support its assertion that the amount in controversy exceeded the jurisdictional limit. *See Barber v. Albertsons, Inc.*, 935 F. Supp.1188, 1192 (N.D. Okla.1996) ("[T]he plain language of *Laughlin* requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds [$75,000], but also facts underlying defendant's assertion."). As a practical matter, the Tenth Circuit's ruling in *Laughlin* implies that a defendant must provide an economic analysis to support its contention that the amount in controversy requirement has been satisfied. *See Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003).

In its Notice of Removal, Defendant offers only an assertion "that upon information and belief, the total claim exceeds the jurisdictional minimum of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest, attorney's fees and costs." Under the standard adopted by the Tenth Circuit in *Laughlin*, such an assertion, without underlying facts supporting it, cannot alone establish that the amount in controversy in this case exceeds the jurisdictional minimum.

In its Response to Plaintiffs' Motion to Remand, Defendant argues that "[Plaintiffs'] refusal to answer or otherwise stipulate to the jurisdictional amount, the State District Court's refusal to compel the same, and the allegations contained in the Petition lead Defendant to believe that Plaintiffs are improperly manipulating and abusing the system and that they are claiming damages in excess of $75,000." (Def.'s Resp. Pl. Mot. Remand at 3.) Essentially, Defendant argues that Plaintiffs' request for actual damages in excess of $10,000, Plaintiffs' request for punitive damages, which could lead to a verdict in excess of $500,000,[2] and Plaintiffs' failure to admit or deny that the amount in controversy exceeds $75,000, when taken together, are sufficient to establish by a preponderance of the evidence that the jurisdictional minimum has been satisfied. *Id*.

The Court first notes that none of these underlying facts are present on the face of Defendant's original Notice of Removal. Under Tenth Circuit precedent, such an omission cannot simply be cured in arguments presented in a later motion or brief. *See Laughlin,* 50 F.3d at 873 (disregarding additional facts raised by defendant in its appellate brief because defendant

---

[2] Okla. Stat. tit. 23, § 9.1(C)(2) provides in relevant part that "[w]here the jury finds by clear and convincing evidence that...[a]n insurer has intentionally and with malice breached its duty to deal fairly and act in good faith with its insured...the jury...may award punitive damages in an amount not to exceed...$500,000.00."

had failed "to include any of [those] facts in its notice of removal"). Nevertheless, in Defendant's Amendment to its Notice of Removal, to which Plaintiffs have not objected, Defendant includes copies of the relevant state court pleadings and discovery disputes underlying its factual contention that Plaintiffs failed to respond to Defendant's request that Plaintiffs admit or deny that the amount in controversy exceeds $75,000. (Def.'s Am. Notice 9, 18.) Moreover, Plaintiff's Petition, which contains the aforementioned requests for actual and punitive damages, was attached as an exhibit to Plaintiff's original Notice of Removal. Thus, for the sake of argument, the Court will consider these items as if they were part of the Notice of Removal itself.

Even taking Defendant's additional evidence and arguments into account, the Court finds that Defendant has failed to provide sufficient underlying facts to establish by a preponderance of the evidence that the exceeds $75,000. First, although Defendant correctly notes that Oklahoma permits punitive damages far in excess of $75,000, without any facts tending to show that such a verdict would be probable in this case, Defendant's "conclusory statements regarding punitive damages are insufficient to meet the burden of showing underlying facts supporting the requisite jurisdictional amount." *Lightle v. Hartford Ins. Co. of Midwest*, No. 06-CV-0140-CVE-FHM, 2006 WL 1047061, *2 (N.D. Okla. April 19, 2006). *See also Flowers v. EZPawn Oklahoma, Inc.*, 307 F. Supp. 2d 1191, 1200 (N.D. Okla. 2004) ("Defendants' statement that '[p]unitive damage awards in Oklahoma can be extremely large, even in individual cases where compensatory damages are relatively small'...do[es] not meet defendants' burden to show underlying facts supporting the jurisdictional amount."). To find otherwise would require this Court to engage in pure speculation. Likewise, although Plaintiffs refusal to admit or deny that they seek damages in excess of $75,000 may provide some evidence of the

amount in controversy, such evidence cannot alone overcome the presumption against removal in the Tenth Circuit. *See Barber v. Albertsons*, *Inc.*, 935 F. Supp. 1188, 1191 (N.D. Okla.1996); *Johnson v. Wal-Mart Stores, Inc.*, 953 F. Supp. 351, 353 (N.D. Okla. 1995).

Instead, even if considered as part of Defendant's Notice of Removal, the additional underlying facts and arguments presented by Defendant in its Response and supported by documents attached to its Amendment to the Notice of Removal are insufficient to establish the requisite amount in controversy by a preponderance of the evidence, especially in the face of the clear presumption against removal and the requirement that uncertainties be resolved in favor remand. Because Defendant's Notice of Removal does establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, the Court lacks subject matter jurisdiction over this case under 28 U.S.C. § 1332 and must remand the case to state court for further proceedings.[3] 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

    2.    **<u>Attorney's Fees</u>**

---

[3] Because the Court determines that Defendant's Notice of Removal fails to satisfy the amount in controversy requirement, the Court need not address Plaintiff's alternative argument that Defendant's Notice of Removal was untimely under 28 U.S.C. § 1446(b). Nevertheless, the Court notes that insofar as the Court today finds the documents relied upon by Defendant in support of its Notice of Removal do not affirmatively establish the requisite amount in controversy, those same documents might not have triggered the running of the 30 day limitations period on removal in § 1446(b). *See DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979) (finding that the 30 day period for removal under § 1446(b) begins to run only after defendant is able "to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts" and that "[i]f the statute is going to run, the notice ought to be unequivocal").

"An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c). As the U.S. Supreme Court recently noted:

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, ___ , 126 S. Ct. 704, 711 (2005) (emphasis added). In this case, Defendant's decision to remove was precipitated, at least in part, by Plaintiffs' refusal to respond to Defendant's requests for admission relating to the amount of damages Plaintiffs' were seeking. The Court recognizes that the state court judge elected not to order Plaintiffs to respond to Defendant's requests, and the Court will not second guess the state court's determination of Oklahoma law relating to discovery. Nevertheless, the Court finds that an award of attorney's fees would not be "just" under these circumstances. Moreover, the Court's conclusion that Defendant failed to provide sufficient evidence to establish the requisite amount in controversy does not necessarily imply that Plaintiff lacked an objectively reasonable basis for removal, especially given the absence of an explicit ruling by the Tenth Circuit regarding the evidentiary value of a plaintiff's refusal to admit or deny that the amount in controversy exceeds $75,000. Finally, neither § 1447(c) nor the U.S. Supreme Court's decision in *Martin* mandate that a district court *must* require payment of attorney's fees. Section 1447(c) leaves the decision of whether to award attorney's fees to the discretion of the Court. *See Huffman v. Saul Holdings Ltd. Partnership*, 262 F.3d 1128, 1132 (10th Cir. 2001). Under the

circumstances present here, the Court chooses to exercise its discretion by denying Plaintiffs' Motion for Attorney's Fees.

## Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand is hereby GRANTED and Plaintiffs' Motion for Attorney's Fees is DENIED. The Court ORDERS the Court Clerk to remand this case to the District Court of Pittsburg County.

IT IS SO ORDERED this 15th day of November 2006.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma